UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD MARSHALL**                                              **CIVIL ACTION**

**VERSUS**                                                            **NO. 18-13569**

**JAMES LEBLANC, SECRETARY, ET AL.**                **SECTION: "H"(1)**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Ronald Marshall, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants James LeBlanc, Robert Tanner, Beverly Kelly, and Dr. Robert Cleveland. In the complaint, plaintiff claims that he has been denied medical care for Hepatitis B and Hepatitis C while incarcerated at the B.B. "Sixty" Rayburn Correctional Center.

In connection with his complaint, plaintiff has filed motions for a temporary restraining order and preliminary injunction. Rec. Docs. 10 and 13. Despite his request for a temporary restraining order, his motions must be construed solely as ones for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American

Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  A preliminary injunction is therefore an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.  Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).  As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."  Id.

Plaintiff has not established that the extraordinary remedy is warranted in this case.  In his motion, he alleges that he suffers from Hepatitis B and Hepatitis C, and he requests that the Court order that he "receive immediate treatment with direct-acting antiviral medications."  Prison officials have refused to provide such treatments, stating that they are unnecessary under the facts of plaintiff's case.

The grievance records plaintiff attached to his complaint put this dispute in context.  When plaintiff complained to prison officials about the lack of antiviral treatment, Warden Robert Tanner denied relief on November 27, 2017, stating:

> Your complaint has been reviewed and investigated.  A review of your medical record was also conducted.
> Review of your record reveals you developed antibodies for Hepatitis C (HCV) in 2006.  Repeat testing through the years, including the most recent test, reflects that HCV is not detected, which indicates no need for treatment.  The fact that you have antibodies to HCV is indicative of past exposure/infection.  The quantitative tests with HCV not detected indicates no current infection.  The 2006 positive test for Hepatitis A antibody has been confirmed negative in subsequent testing through the years.  The Hepatitis B surface antibody positive in 2006 was consistent with immunity to Hepatitis B, meaning you had exposure but your body defense mechanisms were able to overcome your exposure.  Subsequent testing confirmed your immunity.  Treatment is not indicated in the absence of the disease.
> Dr. Robert Cleveland is the authority in the delivery of health care at this facility and he decides what is or is not medically necessary.  Your medical needs have and will continue to be met in a timely and appropriate manner.[1]

---

[1] Rec. Doc. 5, p. 12.

Plaintiff then appealed the denial of his grievance to the Secretary of the Louisiana Department of Public Safety and Corrections. Department staff then likewise denied relief on February 20, 2018, stating:

> Your request for an Administrative Review of ARP# RCC-2017-776 has been received. A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.
> It has been determined that your complaint is without merit. The medical staff has addressed your concerns in an appropriate manner and in accordance with DOC Health Care Policy. It is to be noted that per your medical records, Dr. Cleveland reviewed all of your lab results and is fully aware of any medical condition you may or may not have. Medical opinion is controlling. The care you have received as well as the care you will continue to receive from the Medical staff is determined adequate for your health care concerns. As such, this office has accepted staff's position in this matter and concurs with the response provided at the First Level. Therefore, administrative intervention is not forthcoming.[2]

As recently as December 19, 2018, the prison's Assistant Director of Nursing reiterated to plaintiff that medical treatment was not required, stating:

> Your letter to Dr. Cleveland has been forwarded to me for a response. You have an upcoming appointment scheduled to see Dr. Cleveland. All of your lab test reflecting your liver are completely normal. Currently, you do not qualify for this treatment, but will be monitored annually for any changes.[3]

Based on the foregoing, the undersigned simply cannot say that there is a substantial likelihood that plaintiff will ultimately succeed on the merits of his inadequate medical care claim. On the contrary, such claims rarely succeed, mainly because a prisoner's federal constitutional right to medical care is extremely limited.

Specifically, a prisoner's federal constitutional right to medical care is violated only if his serious medical needs have been met with "deliberate indifference" on the part of penal authorities.

---

[2] Id. at p. 13.
[3] Rec. Doc. 10-1, p. 6; Rec. Doc. 13-1, p. 6.

See, e.g., Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). And, as the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. … And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citations, quotation marks, and brackets omitted).

It is doubtful that plaintiff can establish deliberate indifference under the facts as alleged. It is undisputed that he has received ongoing medical monitoring and testing for his condition, but Dr. Cleveland has simply determined that plaintiff's liver results are normal and that, in light of that fact, antiviral treatment is not medically necessary *at this time*.

It is true that plaintiff counters: "As established by the Center for Disease Control and American Association for the Study of Liver Diseases and Infectious Diseases Society of America, the National Standard of care, for treatment of patients with Hepatitis C is the use of direct-acting antiviral (DAA) medications, such as Harvoni, Sovaldi, and Viekipa Dak."[4] However, even if the Court assumes for the purposes of this decision that plaintiff's statement is accurate, that simply is not determinative because "deliberate indifference exists wholly independent of an optimal standard of care." Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006). On the contrary, it is clear that the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see

---

[4] Rec. Doc. 10-1, p. 2; Rec. Doc. 13-1, p. 2.

also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice present issues of *state* law for *state* courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Simply put: absent exceptional circumstances, a prisoner's disagreement with his medical treatment does not constitute deliberate indifference. Gobert, 463 F.3d at 346. Moreover, "the question of whether ... additional ... forms of treatment is indicated is a classic example of a matter for medical judgment," Estelle, 429 U.S. at 107, and federal courts are therefore generally loath to second-guess such medical decisions in federal civil rights actions. Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action.").

At this early stage of the proceedings, such second-guessing is inappropriate, especially where, as here, plaintiff has presented no evidence whatsoever that immediate antiviral treatment is medically necessary in his particular circumstances. Therefore, plaintiff's request for a preliminary injunction should be denied and any decision regarding the constitutionality of his medical care should instead be resolved on dispositive motions or, if necessary, at trial. See Roberts v. Raemisch, Civ. Action No. 18-cv-2224, 2018 WL 4334014 (D. Colo. Sept. 11, 2018) (denying a motion for a preliminary injunction concerning failure to treat Hepatitis C; noting "[p]laintiff's claims remain pending before this Court for adjudication in the normal course"); Salazar v. U.T.M.B. Correctional Managed Care, Civ. Action No. 5:17-CV-313, 2018 WL 671362 (N.D. Tex. Jan. 5, 2018), adopted, 2018 WL 638318 (N.D. Tex. Jan. 31, 2018) (denying inmate's motion for a preliminary injunction seeking to compel prison officials to provide antiviral

treatment for Hepatitis C); Taylor v. Berry, Civ. Action No. 2:05CV381, 2007 WL 1536796 (S.D. Miss. May 23, 2007) (denying a motion for a preliminary injunction, noting that "[i]f plaintiff's claims regarding his medical treatment are meritorious, appropriate relief may be awarded or obtained at trial"). If this recommendation is accepted, this matter will remain referred to the undersigned United States Magistrate Judge and plaintiff's underlying claims will be further considered once the defendants have been served and filed their response to the complaint.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motions for a temporary restraining order and preliminary injunction, Rec. Docs. 10 and 13, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of March, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**