**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RONALD MARSHALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13569** |
| **JAMES LEBLANC, SECRETARY, ET AL.** | **SECTION: "H"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Ronald Marshall, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He sued James LeBlanc, Robert Tanner, Beverly Kelly, and Dr. Robert Cleveland in both their "official and individual capacities."[1] In the complaint, plaintiff claims that he has been denied adequate medical care at the Rayburn Correctional Center.

The defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff opposes that motion.[3]

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

---

[1] Rec. Doc. 5, p. 5.
[2] Rec. Doc. 21.
[3] Rec. Docs. 25 and 26.

(even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff claims that his rights are being violated because the defendants refuse to provide him with antiviral medications for the treatment of Hepatitis B and Hepatitis C. With respect to such a claim, "[t]he constitutional right at issue … is the Eighth Amendment's prohibition on cruel and unusual punishment, which prison officials violate when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." Brauner v. Coody, 793 F.3d 493, 497-98 (5th Cir. 2015) (quotation marks, brackets, and ellipsis omitted).

In their motion, the defendants appear to focus only on the "deliberate indifference" prong of the analysis. Because they neither challenge that plaintiff's allegation that he has tested positive for Hepatitis B and Hepatitis C nor argue that those conditions fail to qualify as "serious medical needs," the Court will assume for the purpose of this decision that he does in fact suffer from "serious medical needs."[4]

---

[4] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Courts have differed on whether hepatitis constitutes a serious medical need. See, e.g., Mitchell v. Nobles, 873 F.3d 869, 876 (11th Cir. 2017) (finding that hepatitis qualifies as a serious medical need); Ford v. Gusman, Civ. Action Nos. 11-2950 and 12-422, 2012 WL 2567063, at *9 (E.D. La. May 11, 2012) ("Various courts have found that chronic, asymptomatic hepatitis C … is a non-serious medical condition for purposes of Section 1983 analysis."), adopted,

As to the "deliberate indifference" prong of the analysis, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citations, quotation marks, and brackets omitted).

Based on the grievance records attached to his complaint, it appears that plaintiff has received ongoing medical monitoring and testing for his condition, but that Dr. Cleveland has determined that, in his professional medical opinion, antiviral medications are not medically necessary at this time. It is true that, generally, neither a prisoner's disagreement with such an approach of monitoring his condition nor his opinion that he should receive a certain treatment raises a viable claim of deliberate indifference. See, e.g., Grumbles v. Livingston, 706 F. App'x 818, 820 (5th Cir. 2017). However, in his opposition to the defendants' motion, plaintiff alleges that the decision not to provide him with antiviral medications is not in fact based on Dr. Cleveland's professional medical judgment that no such treatment is required – rather, plaintiff

---

2012 WL 2567034 (E.D. La. July 2, 2012); Lewis v. Pacheco, Civ. Action No. 08-CV-1151, 2010 WL 771227, at *3 (W.D. La. Mar. 2, 2010) ("It is beyond contention that an active Hepatitis B virus is a serious medical need."); Muniz v. Goord, No. 9:04-CV-0479, 2007 WL 2027912, at *8 n.38 (N.D.N.Y. July 11, 2007) ("Some district court decisions from within the Second Circuit have found Hepatitis C to not constitute a serious medical need. However, it appears that the bulk of district court decisions addressing the issue finds that Hepatitis C is a serious medical need." (citations omitted)).

3

alleges that it stems from an institutional policy or practice not to provide such medications for non-medical reasons.[5]

That allegation is crucial, because "[t]he denial or delay of necessary medical treatment for *financial or other improper motives not based on medical reasons* may constitute an Eighth Amendment violation." Hanna v. Corrections Corporation of America, 95 F. App'x 531, 532 (5th Cir. 2004) (emphasis added). Therefore, where, as here, a prisoner alleges that he is being substantially harmed by the withholding of medical treatment for hepatitis "based on policy, rather than on medical, reasons," he has stated a cognizable claim. Trigo v. Texas Department of Criminal Justice-Institutional Division Officials, 225 F. App'x 211, 212 (5th Cir. 2007).

Accordingly, the Court finds that the motion to dismiss should be denied at least with respect to the claim against Dr. Cleveland in his individual capacity. See, e.g., Doughty v. LeBlanc, Civ. Action No. 17-1377, 2018 WL 4496659, at *8 (M.D. La. Aug. 28, 2018) ("[G]iven that Plaintiff's Complaint can be fairly read to allege that he is currently receiving no treatment for Hepatitis C, continues to have symptoms, and that the denial of treatment with Harvoni was due to cost, the undersigned finds that Plaintiff has sufficiently alleged claims against [the defendants] to withstand scrutiny under Rule 12(b)(6)."), adopted, 2018 WL 4494980 (M.D. La. Sept. 19, 2018); Henderson v. Tanner, Civ. Action No, 15-0804, 2017 WL 1017927, at *4 (M.D. La. Feb. 16, 2017) ("[T]he Court does not have before it any evidence upon which to base a decision

---

[5] Rec. Doc. 25, pp. 9-10. The United States Fifth Circuit Court of Appeals has held that, when a district court is considering a motion to dismiss in a case filed by a *pro se* plaintiff, the court must consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Therefore, a *pro se* litigant's supplemental filings which embellish the original complaint's averments may appropriately be considered when ruling on a motion to dismiss. Id.

4

whether the determination to deny Plaintiff the potentially curative medication has been warranted. Accordingly, Defendants' Motion to Dismiss should be denied. See Allah v. Thomas, ––– Fed. Appx. ––––, 2017 WL 568313 (3rd Cir. Feb. 13, 2017) (reversing lower court decision granting defendants' motion to dismiss, concluding that the inmate plaintiff 'plausibly alleged an Eighth Amendment violation' regarding denial of medication for Hepatitis C); Cassell v. Griffin, 2016 WL 5954406 (E.D. Ark. Sept. 22, 2016) (denying defendants' motion to dismiss where plaintiff's request for treatment with Harvoni had been refused, noting that 'it is clear that [plaintiff] has pled a viable § 1983 claim[]'); Chimenti v. Pennsylvania Department of Corrections, 2016 WL 1125580 (E.D. Pa. Mar. 21, 2016) (denying defendants' motion to dismiss in class action where inmates complained of a denial to provide latest Hepatitis C medications)."), adopted, 2017 WL 1015321 (M.D. La. Mar. 15, 2017).

That said, the Court takes care to note that it is not expressing an opinion as to the merits of plaintiff's claim; rather, the Court is simply finding that it would be inappropriate to dismiss the individual-capacity claim against Dr. Cleveland based on nothing more than a Rule 12(b)(6) motion. Such claims are more properly considered in the context of a motion for summary judgment or at trial. See, e.g., Cormier v. Edwards, Civ. Action No. 17-241, 2018 WL 4053467, at *5 (M.D. La. Aug. 24, 2018) ("There are numerous reported decisions that have commented upon the potentially curative effects of medications such as Harvoni (which has been specifically requested by Plaintiff), as well as other recently-approved Hepatitis C medication protocols. In many of these cases, a judicial resolution of the inmate plaintiffs' claims that they were not being provided with these medications has been based upon an evidentiary showing made in the context of a motion for summary judgment or evidentiary hearing." (footnotes omitted)).

5

However, as to the remaining defendants, the individual-capacity claims against them fail because they are simply administrative supervisors: LeBlanc is the Secretary of the Louisiana Department of Public Safety and Corrections; Tanner is the Warden of the Rayburn Correctional Center; and Kelly is the Assistant Warden of Medical Treatment at the facility. Obviously, the mere fact that they are supervisors is not alone a basis for liability under 42 U.S.C. § 1983. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008).

Rather, to assert a medical claim against a supervisory official, a plaintiff normally must allege that the official was *personally involved* in the decisions regarding the challenged medical care. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Here, there is no such allegation that LeBlanc, Tanner, or Kelly was personally involved in the decision to deny plaintiff treatment with antiviral medications. On the contrary, plaintiff acknowledges in his complaint that Dr. Cleveland is in charge of the challenged medical care and that "his medical opinion to treat or not treat hepatitis is controlling."[6]

The only personal involvement of LeBlanc, Tanner, and Kelly appears to be that they responded to plaintiff's complaints regarding his medical care. Tanner and LeBlanc denied

---

[6] Rec. Doc. 5, p. 6.

plaintiff's administrative grievances,[7] and Kelly responded to a letter of complaint by stating that plaintiff should attend sick call.[8]  However, that is not a basis for liability, because it is clear that an inmate does not have a constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction.  Bonneville v. Basse, 536 F. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 F. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

---

[7] Id. at pp. 7-8.  When plaintiff complained to prison officials about the lack of antiviral treatment, Tanner denied relief on November 27, 2017, stating:

> Your complaint has been reviewed and investigated.  A review of your medical record was also conducted.
> Review of your record reveals you developed antibodies for Hepatitis C (HCV) in 2006. Repeat testing through the years, including the most recent test, reflects that HCV is not detected, which indicates no need for treatment.  The fact that you have antibodies to HCV is indicative of past exposure/infection.  The quantitative tests with HCV not detected indicates no current infection. The 2006 positive test for Hepatitis A antibody has been confirmed negative in subsequent testing through the years.  The Hepatitis B surface antibody positive in 2006 was consistent with immunity to Hepatitis B, meaning you had exposure but your body defense mechanisms were able to overcome your exposure.  Subsequent testing confirmed your immunity.  Treatment is not indicated in the absence of the disease.
> Dr. Robert Cleveland is the authority in the delivery of health care at this facility and he decides what is or is not medically necessary.  Your medical needs have and will continue to be met in a timely and appropriate manner.

Id. at p. 12.
Plaintiff then appealed the denial of his grievance to LeBlanc.  His designee then likewise denied relief on February 20, 2018, stating:

> Your request for an Administrative Review of ARP# RCC-2017-776 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.
> It has been determined that your complaint is without merit.  The medical staff has addressed your concerns in an appropriate manner and in accordance with DOC Health Care Policy. It is to be noted that per your medical records, Dr. Cleveland reviewed all of your lab results and is fully aware of any medical condition you may or may not have.  Medical opinion is controlling. The care you have received as well as the care you will continue to receive from the Medical staff is determined adequate for your health care concerns.  As such, this office has accepted staff's position in this matter and concurs with the response provided at the First Level.  Therefore, administrative intervention is not forthcoming.

Id. at p. 13.
[8] Id. at p. 9.

The Court notes that plaintiff attempts to salvage his individual-capacity claims against LeBlanc, Tanner, and Kelly by stating in his opposition that "they should be held liable for creating and enforcing a policy to let offenders die in violation of the Eighth Amendment."[9] It is true that "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (citations and quotation marks omitted). Here, however, plaintiff's conclusory allegation that LeBlanc, Tanner, and Kelly created and enforced such a policy is nothing more than a legal conclusion couched as a factual allegation. Terry v. LeBlanc, 479 F. App'x 644, 646 (5th Cir. 2012). As such, it insufficient to state a claim. Id.; see Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("In determining whether [plaintiff] has stated a claim upon which relief can be granted, we must accept the well-pleaded facts alleged in [plaintiff's] Complaint as true and construe the allegations in the light most favorable to him. We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." (citations, quotation marks, and brackets omitted)); Walker v. Collier, Civ. Action No. 6:17cv166, 2019 WL 1421152, at *2 (E.D. Tex. Mar. 28, 2019) ("Conclusory allegations of the creation or existence of a policy or custom are insufficient to establish supervisory liability."); see also Jabary v. City of Allen, 547 F. App'x 600, 608-09 (5th Cir. 2013) ("[A] sweeping and unspecific allegation [that a defendant effectuated a policy], along with [plaintiff's] contention that [the defendant] actively assisted the others in depriving [plaintiff] of his civil rights, does not push [plaintiff's] claim past mere possibility towards plausibility [so as to survive a 12(b)(6) motion]."

---

[9] Rec. Doc. 25, pp. 11-12.

(quotation marks and brackets omitted)).  Accordingly, the motion to dismiss should be granted with respect to the individual-capacity claims against LeBlanc, Tanner, and Kelly.

Lastly, the defendants argue that plaintiff's claims against them in their official capacities for monetary damages must also be dismissed.  They are correct.  The defendants are employees of the Louisiana Department of Public Safety and Corrections.  State employees sued in their official capacities for monetary damages simply are not considered "persons" subject to suit under 42 U.S.C. § 1983.[10]  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009).  Additionally, because a claim against a state employee in his or her official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment.  Williams v. Thomas, 169 F. App'x 285, 286 (5th Cir. 2006); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6.

---

[10] In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendants' motion to dismiss, Rec. Doc. 21, be **DENIED IN PART AND GRANTED IN PART**. It is **RECOMMENDED** that the motion be **DENIED** with respect to plaintiff's individual-capacity claim against Dr. Robert Cleveland. It is **RECOMMENDED** that the motion be **GRANTED** with respect to all of plaintiff's remaining claims and that those claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of June, 2019.

                                          **JANIS VAN MEERVELD**
                                          **UNITED STATES MAGISTRATE JUDGE**